IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT PIERRE KIDD,

                Plaintiff,

v.                                            OPINION and ORDER

T. TRANKLE, ROBINSON, ADAMCZAK, LAACKE,       25-cv-35-jdp
PANIAGUA, VIAN, and DOAK,

                Defendants.

---

Plaintiff Robert Pierre Kidd, proceeding without counsel, is a prisoner at Green Bay Correctional Institution. Kidd alleges that when he was at New Lisbon Correctional Institution, prison employees responded to his seizure by restraining his arms and legs rather than giving him medical assistance. Defendants move for summary judgment on the grounds that Kidd failed to exhaust his administrative remedies before filing this lawsuit. Dkt. 23. I will grant that motion and dismiss the case.

ANALYSIS

Rather than respond to defendants' exhaustion-based summary judgment motion, Kidd filed multiple motions for recruitment of counsel and a motion to consolidate this case with another of his cases. I denied each of these motions and twice extended Kidd's deadline to respond to the motion. Dkt. 32; Dkt. 36; Dkt. 40; Dkt. 45. In response to my most recent order giving Kidd a final chance to respond, Kidd states that he is in solitary confinement and has limited drafting supplies. Dkt. 46, at 5–6. Based on this response, even with limited supplies, Kidd should have been able to respond to defendants' motion for summary judgment.

So as I warned him in my previous order, I will now consider defendants' motion without Kidd's response.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Kidd's claims concern an October 29, 2024 incident in which he states that prison employees responded to his seizure by restraining his arms and legs rather than giving him medical assistance. Defendants submit Kidd's prison grievance history and various grievance-related materials. Dkt. 25. Because Kidd did not file a response to defendants' summary judgment motion, I will accept the grievance records that defendants filed in support of their motion as undisputed. Fed. R. Civ. P. 56(e)(2). But defendants must still carry their burden to

show that summary judgment is appropriate. *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

Defendants' records show that shortly after the incident, Kidd submitted a grievance stating that he had been cuffed during a seizure and that he was charged a co-pay to see a nurse afterward. Dkt. 25-3. That grievance was marked received by staff on October 31, 2024, and returned to Kidd the same day, with the grievance examiner stating that Kidd failed to follow Wisconsin Administrative Code § DOC 310.07(1) by failing to attempt informal resolution of his complaint about the co-pay first. Dkt. 25-4. The examiner directed Kidd to attempt informal resolution and then refile the grievance within 10 days, as set forth in § DOC 310.10(5). There is no indication that Kidd refiled that particular grievance.

Kidd later filed a grievance solely about him being cuffed during his seizure, assigned No. NLCI-2024-17145. Kidd signed that grievance on November 18, 2024, and it was marked received by prison staff on November 25, 2024. Dkt. 25-2. The institution complaint examiner rejected the grievance as untimely under Wisconsin Administrative Code § DOC 310.07(2), which requires that grievances be filed within 14 days of the underlying incident. The examiner noted that an inmate may ask for an exception to this deadline if he can show "good cause." *Id.* But Kidd did not ask for such an exception or attempt to make a showing of good cause.

These records show that Kidd didn't properly follow the DOC grievance procedures. Kidd's initial grievance attempt was returned for failure to attempt informal resolution, and his later grievance was untimely. And Kidd didn't ask for a good-cause exception to his deadline as required by DOC rules. Because Kidd failed to exhaust his administrative remedies, I will grant defendants' motion for summary judgment and dismiss this case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

3

There is a final matter to address. Along with his most recent submission, Kidd includes a letter stating that he is frustrated with being unlawfully incarcerated, his various health problems, and his treatment by prison staff, and he asks for an order "that [he] be put to sleep." Dkt. 46, at 1. I will direct defense counsel to share this letter with prison psychological services staff. And I encourage Kidd not to give up hope.

## ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment on exhaustion grounds, Dkt. 23, is GRANTED.

2. The case is DISMISSED without prejudice.

3. Counsel for defendants is directed to share plaintiff's letter at pages 1–3 of Dkt. 46 with prison psychological services staff.

4. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 29, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge